UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROGER DEWAYNE FREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-372-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 10]. Now before the Court is Plaintiff's Brief in Support of a Social Security Appeal [Doc. 13]. Roger Dewayne Free ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court **DENIES** Plaintiff's request to remand [**Doc. 13**] and **AFFIRMS** the decision of the Commissioner.

I.    PROCEDURAL HISTORY

On July 15, 2021, Plaintiff filed for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and Social Security Income ("SSI") under Title XVI of the Social Security Act [Tr. 10]. Plaintiff claimed a period of disability that began on June 15, 2021 [*Id.*]. After his claim was denied initially [*id.* at 129–131] and upon reconsideration [*id.* at 87–120], Plaintiff requested a hearing before an ALJ [*id.* at 151–52]. A hearing was held on April 16, 2024, before ALJ Wesley Kliner (hereinafter "the ALJ") [*Id.* at 39–74]. On July 29, 2024, the ALJ found Plaintiff not disabled [*Id.* at 7–27]. Plaintiff asked the Appeals Council to

review the ALJ's decision [*Id.* at 319–20]. The Appeals Council denied Plaintiff's request for review [*id.* at 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on November 21, 2024, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties filed opposing briefs, and this matter is now ripe for adjudication [Docs. 13, 15 and 18].

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

2

4.    If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5.    Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1.    The claimant meets the insured status requirements of the Social Security Act through June 30, 2028.

2.    The claimant has not engaged in substantial gainful activity since June 15, 2021, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3.    The claimant has the following severe impairments: lumbar spinal stenosis, obesity, and unspecified arthropathy (20 CFR 404.1520(c) 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and

3

404.1526) 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can frequently balance, stoop, and crouch; occasionally kneel, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; he should never be exposed to workplace hazards.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 27, 1968, and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 12–20].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled

pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision

applied the correct legal standards and regulations and rulings promulgated by the Commissioner,

and whether substantial evidence supports the ALJ's findings. *Tucker v. Comm'r of Soc. Sec.*,

4

775 Fed. App'x 220, 225 (6th Cir. 2019); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

The Sixth Circuit defines substantial evidence as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for

reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV.    ANALYSIS

Plaintiff raises two issues in this appeal of the ALJ's decision. First, he argues the record contained no medical opinion evidence supporting the ALJ's physical RFC determination and that the ALJ erred by relying solely on his own lay interpretation of raw medical data [Doc. 13 p. 1]. Second, he claims the ALJ erred by failing to include mild mental limitations in the RFC [*Id.*]. Plaintiff contends these errors require remand for further development of the record, including a *de novo* hearing [*Id.* at 16].

For the reasons more fully explained below, the Court finds the ALJ's decision complied with the SSA regulations and is supported by substantial evidence.

### A.    ALJ's Physical RFC Determination

Plaintiff contends the ALJ erred by relying solely on his own lay interpretation of raw medical data in reaching his conclusion [Doc. 13 pp. 8–13]. Plaintiff complains there are no medical opinions regarding his physical capabilities and that "it is clear the ALJ's RFC impermissibly relied on raw medical data without any medical source opinion as to functional

limitations" [*Id.* at 10–11]. Because the ALJ failed to rely on a medical opinion, Plaintiff argues the RFC is not supported by substantial evidence [*Id.* at 13].

The Commissioner responds that Plaintiff relies on the wrong legal standard in arguing the ALJ needed a medical opinion to properly determine an RFC [Doc. 15 pp. 4–7]. According to the Commissioner, "an ALJ alone—not a physician—has the responsibility to determine the claimant's RFC" [*Id.* at 4]. Even if the Court applied the standard Plaintiff suggests, the Commissioner argues that remand is improper because there is sufficient evidence in the record for the ALJ to evaluate Plaintiff [*Id.* at 7–12].

Plaintiff replies that because he shows significant physical impairment, it is impossible for a lay person to reasonably assess another's capacity level without medical guidance [Doc. 18 p. 2]. Plaintiff argues the ALJ should not have assessed an unsupported RFC on his own [*Id.* at 3].

Some courts recognize "that ALJs are not qualified to translate or interpret raw medical data, such as MRIs, or other diagnostic tests, in reaching a RFC assessment." *Baker v. Berryhill*, No. 2:17-CV-00175, 2019 WL 1560538, at *3 (E.D. Tenn. Feb. 13, 2019). Even so, the RFC assessment lies squarely with the ALJ. *See* 20 C.F.R. § 404.1546(c); *Baker*, 2019 WL 1560538, *3 ("The RFC assessment is the sole purview of the ALJ" (citation omitted)). The ALJ completes this assessment by reviewing and weighing all relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a); *Kelly v. Comm'r of Soc. Sec.*, No. 3:23-CV-222, 2024 WL 1772824, at *6 (E.D. Tenn. Apr. 24, 2024) ("An ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." (quoting *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009)). And the Court of Appeals for the Sixth Circuit instructs that the ALJ's RFC "finding does not need to correspond to a particular physician's opinion" and to satisfy the substantial evidence

requirement, the ALJ "must make a connection between the evidence relied on and the conclusion reached." *Tucker*, 775 F. App'x at 226. Indeed, requiring an ALJ to base an RFC finding on a physician's opinion, "would, in effect, confer upon the treating source the authority to make the determination . . . and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Rudd v. Comm'r of Soc Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013).

Plaintiff claims that the ALJ "devised the RFC based on the raw medical data" [Doc. 18 p. 2]. The only raw medical data included in the record for review was Plaintiff's radiology imaging report on the x-ray of his right shoulder compiled by Dr. Gregory Verville, and the ALJ relied upon Dr. Verville's report, not the x-ray images [Tr. 17]. *See Rudd*, 531 F. App'x at 727 (explaining an ALJ did not interpret raw medical data where an x-ray "had already been read and interpreted by a radiologist").

But Plaintiff argues that because the ALJ (1) declined to rely on the State agency findings and (2) focused on the mental limitations documented in Nurse Practitioner Jesus Melendez's medical opinion, there are no medical opinions regarding Plaintiff's physical capabilities [Doc. 13 p. 10]. He later contends that "the RFC devised here has no substantial evidence support where, in a case such as this showing significant physical impairment, it is impossible for a lay person to reasonably assess another's capacity level without medical guidance" [Doc. 18 p. 2]. The ALJ, however, made an RFC finding after "careful consideration of the entire record" [Tr. 15]. He determined the State agency medical opinions were unpersuasive because of insufficient evidence and there was no RFC assessment assigned [*Id*. at 18]. The ALJ did consider Nurse Practitioner Melendez's opinions, but he noted his opinions were unsupported by his own records [*Id.*]. Although he declined to adhere to those opinions, the ALJ evaluated Plaintiff's medical treatment

8

notes, medical opinions, and hearing testimony in explaining each functional limitation in his assessment of Plaintiff's RFC [Tr. 15–19]. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) (rejecting the plaintiff's argument "that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ" (citations omitted)); *Walker v. O'Malley*, No. 1:23-CV-00085, 2024 WL 4351422, at *6 (E.D. Tenn. Sept. 30, 2024) ("Plaintiff wants the Court to find that since the ALJ found the two State agency psychological opinions to be unpersuasive, the RFC opinion was based on no medical opinion. The Court declines to adopt this viewpoint.").

Here, the ALJ cited medical treatment records, objective evidence, and Plaintiff's testimony at hearing [*Id.* at 15–19]. The ALJ moved from one impairment to the next while reviewing and citing to Plaintiff's treatment records as contained in the record and comparing to Plaintiff's hearing testimony [*Id.* at 15–19]. *See Mokbel-Aljahmi*, 732 F. App'x at 401 ("The ALJ undertook a laborious evaluation of the medical record when determining the residual functional capacity, and substantial evidence supports the ALJ's conclusions."); *Baker*, 2019 WL 1560538, at *5 ("This was not a case where the ALJ assumed the role of the physician and interpreted raw medical data. Rather, he evaluated [the plaintiff's] entire medical history of receiving conservative treatment in discounting the expert's opinion, and this is not uncommon.").[1]

---

[1]    Plaintiff relies on *Sefo v. Commissioner of Social Security*, No. 3:20-CV-534, 2022 WL 969622 (W.D. Ky. Mar. 30, 2022), to argue the ALJ improperly made an RFC determination based on no medical source opinion [Doc. p. 9]. The court in *Sefo*, however, relies on *Deskin v. Commissioner of Social Security*, 605 F. Supp. 2d 908 (N.D. Ohio 2008). Courts in this district interpret *Deskin* as "overly broad" and applicable as a general rule "only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Brye v. Saul*, No. 3:18-CV-194, 2019 WL 5929264, at *11 (E.D. Tenn. Nov. 12, 2019); *see also Walker v. O'Malley*, No. 1:23-cv-85, 2024 WL 4351422, at *7 (E.D. Tenn. Sept. 30, 2024)

9

Given the ALJ's consideration of the entire record, the Court finds the ALJ did not err.

**B.      Mild Mental Limitations**

Plaintiff argues the ALJ failed to include mild mental limitations in the RFC [Doc. 13 pp. 13–16]. He claims the ALJ did not properly explain why his nonsevere impairments of depression and anxiety did not lead to any limitations in the RFC determination [*Id. at* 13]. Plaintiff asserts there are no mental limitations present in the RFC and that the ALJ failed to resolve the inconsistency between his findings at Step 2 and his finding that Plaintiff's mental limitations would have no effect on his ability to perform work-related activities [*Id.* at 14–15].

The Commissioner counters that the ALJ reasonably found that Plaintiff's nonsevere impairments of depression and anxiety did not result in any workplace functional limitations [Doc. 15 pp. 12–20]. The Commissioner argues Plaintiff misunderstands the significance of limitations in the RFC assessment and that the ALJ did consider the effects of all impairments in assessing the RFC [*Id.* at 12–13].

Plaintiff replies that the ALJ did not resolve or consider in the RFC assessment the effects of Plaintiff's nonsevere mental impairments [Doc. 18 p. 4]. The ALJ's step two discussion

_____

(finding the "non-mandatory" *Deskin* rule did not apply); *White v. Kijakazi*, No. 1:20-CV-249, 2021 WL 8267499, at *6 (E.D. Tenn. Sept. 23, 2021) (finding *Deskin* not controlling because ALJ was not required to solicit new consultative opinion and acknowledging ALJ is not required to base RFC findings entirely on physician's opinion). This case does not present circumstances in which *Deskin* would apply.

Plaintiff also relies on *Gross v. Commissioner of Social Security*, 247 F. Supp. 3d 824 (E.D. Mich. 2017), to support his argument that this case involves too much impairment for the ALJ to have devised the RFC based on the raw medical data [Doc. 18 p. 2]. But in *Gross*, the court found "it [was] unclear on what the ALJ based her ultimate RFC conclusion." *Gross*, 247 F. Supp. 3d at 830. In addition, the court noted the ALJ relied on her own nursing background in determining that plaintiff's RFC. *Id.* That is not the case here.

"muddies the waters," according to Plaintiff and fails to include why the mild or slight limitations did not translate into the RFC [*Id.* at 4].

The ALJ considers the medical severity of an impairment at step two of the five-step disability evaluation. 20 C.F.R. § 404.1520(a)(4)(ii). Specifically, with respect to mental impairments, the paragraph B criteria is used to determine whether a claimant's mental impairments are severe or meet a listing during the evaluation process. 20 C.F.R. §§ 404.1520(a)(4) and 404.1520a(d). But the paragraph B criteria is not an RFC assessment. *See* 20 C.F.R. § 404.1545(a) and SSR 96-8p, 1996 WL 374184, at \*4. In assessing a claimant's RFC, an ALJ will consider "all the relevant evidence" in the case record, including all medically determinable impairments. 20 C.F.R. § 404.1545(a)(1)–(2). This includes considering severe and nonsevere impairments. *Id.*; *Crabtree v. Kijakazi*, No. 3:20-cv-263, 2021 WL 3832228, at \*2 (E.D. Tenn. Aug. 27, 2021) ("Even if the ALJ determines that an ailment is nonsevere, he must nonetheless consider the ailment when evaluating a claimant's RFC." (citing *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020)).

The ALJ specifically noted that in making his RFC finding, he "must consider all of the claimant's impairments, including impairments that are not severe," citing SSR 96-8p [Tr. 12]. Such a statement "suffice[s] to show that the ALJ had considered the impairments in combination[,]" even if the ALJ did not specifically discuss the nonsevere impairments in assessing his residual functional capacity. *Emard*, 953 F.3d at 851 (citation omitted). And here, the ALJ did more than simply state he considered Plaintiff's mild mental impairments; he reviewed Plaintiff's impairments for limitations and stated that "[t]he following residual functional capacity assessment reflects the degree of limitation I have found in in the 'paragraph B' mental function analysis" [Tr. 14–15]. The ALJ, in his RFC assessment, also included that he "did not provide

Case 1:24-cv-00372-JEM    Document 21    Filed 03/30/26    Page 11 of 13    PageID #: 763

articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c) and 416.920b(c)" then proceeded to discuss why he found medical evidence regarding Plaintiff's mental impairment unpersuasive [Tr. 18–19].[2] Finally, Plaintiff contends the ALJ's statement that "physical impairments can reasonably be expected to impact some aspects of mental functioning" [Tr. 18], is inconsistent with his consideration of the RFC [Doc. 13 p. 15; Doc. 18 p. 4]. In reviewing the ALJ's decision in total, however, the ALJ did not specifically state that Plaintiff's physical impairments will impact his mental function; he, instead, made the statement in his general discussion of Nurse Practitioner Melendez's lack of record support for his findings [*see* Tr. 18]. The ALJ followed this discussion with a statement that Nurse Practitioner Melendez's records "offer only benign findings regarding psychiatric status" and that his opinion is "inconsistent with substantial evidence of record" [*Id.* at 19]. The ALJ noted "no impairment or condition contained within the Record can be expected to produce such significant limitations as any assigned by Mr. Melendez" [*Id.*]. The ALJ therefore did consider Plaintiff's physical impairments and reconciled his finding with the record and Plaintiff's hearing testimony.[3]

The Sixth Circuit does not require an ALJ to "specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that [his] decision is controlled by SSR 96-8p." *Emard*, 953 F.3d at 851–52 (citations omitted). Furthermore, the ALJ's discussion of the functional limitations of Plaintiff's nonsevere mental impairments and

---

[2]     As the Commissioner points out, courts in this district have found, "that an ALJ's finding of at most mild limitations in the paragraph B factors does not mandate inclusion of any mental limitations in the RFC" [Doc. 15 pp. 16–17 n.5 (collecting cases)].

[3]     Plaintiff also argues the ALJ's actions are at odds with *Terry v. Saul*, No. 1:20-c-104, 2021 WL 3277264 (E.D. Tenn. June 30, 2021). Plaintiff claims *Terry* requires the ALJ to provide "insight as to why no mental limitations were included in the RFC" [Doc. 13 p. 15]. But in *Terry*, the issue was the ALJ's failure to discuss Plaintiff's mental impairments at all. *See Terry*, 2021 WL 3277264, at *10. Such is not applicable here.

12

statement that he considered all impairments in making his RFC decision is sufficient to indicate he complied with applicable law and regulations. *Id.* at 852. Requiring a "more elaborate articulation of the ALJ's thought processes would not be reasonable." *Id.* at 851 (citation omitted).

The Court finds no error in the ALJ's RFC assessment.

## V.     CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's request to remand [**Doc. 13**] and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

13